| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-cr-73-pp |
| Plaintiff, | |
| v. | |
| MYLES LAVONTE WASHINGTON, | |
| Defendant. | |

**ORDER SETTING OBJECTION DEADLINE OF JUNE 10, 2016 BY WHICH PARTIES MUST OBJECT TO THE COURT'S PROPOSAL TO AMEND THE JUDGMENT TO REDUCE THE DEFENDANT'S SENTENCE BY SIX (6) MONTHS**

On April 13, 2016, the court sentenced defendant Myles Washington to serve a sentence of sixty-six (66) months in the custody of the Bureau of Prisons. Dkt. Nos. 52, 53. The defendant had pled guilty to conspiring to distribute twenty-eight grams or more of cocaine base. Id.

In the pre-sentencing memorandum he filed, as well as at sentencing, counsel for the defendant asked the court not to use the 18:1 crack-to-powder ratio in sentencing the defendant.[1] Counsel conceded, however, that because the offense to which the defendant had pled guilty carried a mandatory

---

[1] For a history behind the original 100:1 ratio of crack to cocaine powder used in the Anti-Drug Abuse Act of 1986, and the U.S. Sentencing Commission's adoption of that ratio, see Kimbrough v. United States, 552 U.S. 85, 95-100 (2007). In that decision, the Supreme Court concluded that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve §3553(a)'s purposes, even in a mine-run case." Id. at 110.

1

minimum sentence of five years, the use of the 18:1 ratio (reflected in the 2015 version of U.S.S.G. §2D1.1) had less impact on the defendant's sentence than it might have done for some other defendants.

The defendant pled guilty to conspiring to distribute a total of 163.3 grams of cocaine base. Under U.S.S.G. §2D1.1(c)(7), that offense carried a base offense level of 26. All parties agreed that the defendant should receive a three-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1; the resulting adjusted offense level was 23. The defendant's criminal history category was IV, yielding an advisory range of 70-87 months. Thus, the bottom of the advisory guideline range was ten months higher than the mandatory minimum; the high end of the range was twenty-seven months higher.

In contrast, if the court had used a 1:1 ratio for cocaine base to cocaine (as the defendant's counsel asked the court to do), the defendant's conspiracy to distribute 163.3 grams of cocaine base would have placed him under the aegis of U.S.S.G. §2D1.1(c)(12), which indicates that the base offense level for possessing between 100 and 200 grams of powdered cocaine is level 16. The defendant would have remained eligible to obtain a three-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(b) (the additional point is available for defendants whose base offense level, before application of U.S.S.G. §3E1.1(a) is 16 or higher), and so his adjusted offense level would have been 13. Level 13 in criminal history category IV results in an advisory sentencing range of 24-30 months.

2

Because the defendant was subject to a five-year—a sixty-month—mandatory minimum sentence, even if the court had applied the 1:1 ratio as counsel requested, the court could not have given the defendant a sentence in the resulting applicable guideline range, because that entire range was below the mandatory minimum sentence. Given those circumstances, the court did not give great consideration to counsel's argument that the court should use a 1:1 ratio rather than the 18:1 ratio called for by the 2015 Guidelines Manual.

But three days later, on April 19, 2016, the court sentenced co-defendant Jondelyn Jackson. Dkt. Nos. 56, 57. The government had not required defendant Jackson to plead to a sentence that carried a mandatory minimum sentence. As a consequence, defendant Jackson's counsel spent considerable effort urging the court to utilize the 1:1 ratio. Counsel provided the court with a list of cases in which district court judges around the country had found that utilization of the 18:1 ratio resulted in a sentence that was more than necessary to accomplish the sentencing goals laid out in 18 U.S.C. §3553(a). Counsel also provided the court with the statements of Assistant Attorney General Lanny A. Breuer, made in testimony before the Senate Judiciary Committee on April 29, 2009 at a hearing entitled "Restoring Fairness to Federal Sentencing: Addressing the Crack-Powder Disparity." Finally, counsel urged the court to consider and apply the reasoning of the Supreme Court's decision in <u>Kimbrough</u>, and to exercise its discretion to conclude that the 18:1 disparity would, in defendant Jackson's case, yield a sentence greater than necessary to achieve the goals of §3553(a). <u>See</u> Dkt. Nos. 46 and 46-1.

3

After considering carefully the decisions defendant Jackson's counsel cited, as well as the reasoning in Assistant A.G. Breuer's testimony, the court agreed with counsel for defendant Jackson, and found that application of the 18:1 ratio would result in a sentence greater than necessary for Mr. Jackson. The court used a 1:1 ratio in sentencing Mr. Jackson, which resulted in a sentence of twenty-four months, the high end of the range the court found applicable for Mr. Jackson (adjusted offense level 13 in criminal history category III; sentencing range of 18 to 24 months). Dkt. No. 56.

Defendant Washington and defendant Jackson were co-conspirators. They both were charged with conspiring to distribute 163.3 grams of cocaine base. There is, therefore, no reason for the court to apply an 18:1 ratio in calculating defendant Washington's advisory sentencing range, and then to apply a 1:1 ratio in calculating defendant Jackson's range. There are other reasons for the court to impose different sentences for these two defendants; for example, defendant Jackson's criminal history category is lower than defendant Washington's, and defendant Washington was (for good or ill) subject to a mandatory minimum sentence as a result of the offense to which he pled guilty. But there is no reason for the court to use different cocaine-base-to-cocaine-powder ratios in calculating the advisory sentencing ranges for two men involved in the same conspiracy.

Accordingly, it is the court's view that justice requires that the court amend defendant Washington's sentence, calculating the guideline range using the 1:1 ratio (as it did for Mr. Jackson). As indicated above, using a 1:1 ratio,

4

defendant Washington's adjusted offense level would drop to level 13; in criminal history category IV, his advisory sentencing range would drop from 70 to 87 months down to 24 to 30 months. While the court still must impose a sentence of no less than 60 months because defendant Washington is subject to that mandatory minimum sentence, the sentence the court *did* impose—66 months—is vastly in excess of the high end of the resulting sentencing range. The court does not believe that the nature of defendant Washington's offense, his own personal characteristics, the need to deter future criminal conduct, or the need to protect the public, warrant a sentence so far above the high end of the range. In other words, the court believes that the 66-month sentence it imposed is greater than necessary to meet the §3553(a) goals.

The court proposes, therefore, to issue an amended judgment which reduces the defendant's sentence from 66 months to the mandatory minimum sentence of 60 months. This is not a large reduction; the defendant's sentence will remain well in excess of the 30-month high end of the guideline range. But that is a function of the mandatory minimum sentence; the court does not have the discretion or authority to sentence below that statutory minimum absent certain limited factual scenarios which are not present here.

The court will plan to issue the amended judgment after June 10, 2016, unless it receives an objection from either party. If the court receives no objections by June 10, 2016, the court will enter the amended judgment as soon thereafter as practically possible. If any party objects, the court will consider the objection and schedule a hearing if one appears necessary. If the

5

parties notify the court prior to June 10, 2016 that they do not object, the court will enter the amended judgment sooner.

The court **ORDERS** that any party wishing to object to the court entering an amended judgment reducing defendant Myles Washington's sentence from 66 months to 60 months, that party must file the objection **no later than June 10, 2016**. If there are no objections, the court will amend the judgment as soon as practically possible after June 10, 2016.

Dated in Milwaukee this 23rd day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge