UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,	Case No. 15-cr-73-pp

        Plaintiff,

v.

MYLES WASHINGTON,

        Defendant.

**ORDER DENYING DEFENDANT'S LETTER MOTION FOR ORDER REQUIRING THE BUREAU OF PRISONS TO PLACE THE DEFENDANT IN A COMMUNITY CORRECTIONAL FACILITY OR ON HOME CONFINEMENT (DKT. NO. 63)**

On April 13, 2016, after he pled guilty to possessing with intent to distribute twenty-eight grams or more of crack, the court sentenced the defendant to serve sixty-six months of incarceration. Dkt. Nos. 52, 53. On June 16, 2016, the court amended the judgment, reducing the defendant's sentence by six months, to a total of sixty months (or five years). Dkt. No. 60.

On June 21, 2018 (a little over two years after his sentencing hearing), the court received a letter from the defendant. Dkt. No. 63. He describes in detail his many successes while in custody. He completed the Residential Drug Abuse Program—RDAP, and now is a senior advisor to other inmates in the program. He has taken a number of classes, including time management, journalism, introduction to plumbing, sociology and introduction to carpentry. Id. at 1. He speaks eloquently of what he has learned about himself while in custody, and about the kind of person he wants to be going forward. He

1

concedes that being in custody has been, and is, hard, but he says that he is trying to learn from his mistakes and do better. Id. at 2.

The defendant indicates that "[t]he Second Chance Act was converted into law where all inmates are statutorily eligible for up to twelve months pre-release and or [residential re-entry center] placements." Id. The defendant says that he believes that he deserves some consideration "for these benefits of the law," but that the staff at his current facility—F.C.I. Terre Haute—disagree, and "refuse to honor the B.O.P. policy and laws that were passed." Id. He asks the court "to impose . . . that [he] be placed in a community correctional facility or placed on home confinement for up to twelve months." Id.

"Under the Second Chance Act of 2007, 18 U.S.C. § 3624(c), the Federal Bureau of Prisons is authorized to place prisoners in a residential re-entry center, or halfway house, for up to 12 months before the end of the prisoner's term of imprisonment." Pence v. Holinka, Case No. 09-cv-489-slc, 2009 WL 3241874 at 1 (W.D. Wis., Sept. 29, 2009). The statute says that the director of the Bureau of Prisons "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Id. (quoting 18 U.S.C. §3624(c)(1)). The Second Chance Act leaves the decision about whether—and when—to place an inmate into a community correctional facility or residential re-entry center entirely to the discretion of the Bureau of Prisons. Id. (citing Sessel v. Outlaw, 2009 WL

1850331, *4 (E.D. Ark. 2009); Daraio v. Lappin, 2009 WL 303995 (D. Conn. Feb. 9, 2009)).

In deciding whether to place an inmate in one of these facilities, the Second Chance Act requires the BOP to take into account the factors listed in 18 U.S.C. §3621(b), including the resources of the particular CCF or RRC; the nature and circumstances of the defendant's crime; the history and characteristics of the defendant; any statements made by the court at sentencing regarding the reason for imprisonment and any recommendations as to placement; and any policy statements from the Sentencing Commission. Holinka, 2009 WL 3241874 at *2.

The court cannot grant the defendant's letter request, for several reasons. First, the court does not know how long the defendant has been in *federal* custody. He was in state custody until his sentencing hearing on April 13, 2018. The court imposed the defendant's sixty-month federal sentence to run consecutively to—that is, after—the defendant's state sentence. Dkt. No. 52 at 3. Without knowing when the defendant completed his state sentence, the court cannot tell how much of his sixty-month federal sentence he has served. But it can't be more than about twenty-six or twenty-seven months, because that's how long it's been since the court sentenced the defendant. The Second Chance Act says that the BOP has the discretion to put an inmate into CCF or RRC for up to twelve months during the "final months" of his prison term. A person who has served only twenty-six or twenty-seven months of a sixty-month sentence is not yet in the "final months" of his prison term.

Second, at least one other federal court has found that if an inmate believes that the BOP has violated the Second Chance Act, the proper way for him to bring his claim is in a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Holinka, 2009 WL 3241874 at *1; see also, Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991); Glaus v. Anderson, 408 F.3d 382, 387-88 (7th Cir. 2005)). The defendant has not filed a proper *habeas corpus* petition under 28 U.S.C. §2241.

Finally, as the court noted above, the Second Chance Act gives the *Bureau of Prisons*, not this court, the discretion to decide whether and when to place an inmate in a CCF or a RRC. This court does not have the authority to order the BOP to place someone into a CCF or an RRC, *unless* the defendant can prove that the BOP has violated some specific provision of the Second Chance Act. At this point, when the defendant has served less than half of his sentence, it seems unlikely that he can prove that the BOP has violated the statute. Even if he could, however, he would need to make that claim in a *habeas* petition.

The court is very, very pleased to hear about the good work the defendant has been doing while in custody. It sounds like he is using his time very wisely, not only to help himself, but to help others. The court can't help but think that when the time *does* come for the BOP to consider the requirements of the Second Chance Act, the defendant's good efforts will help him greatly. The court encourages him to keep up the good work, so that when he is approaching the final months of his sentence, the BOP will have many

good reasons for exercising its discretion to place him in the community as soon as possible.

The court **DENIES** the defendant's letter motion for an order requiring the Bureau of Prisons to place the defendant in a community correctional facility or a residential re-entry center. Dkt. No. 63.

Dated in Milwaukee, Wisconsin this 26th day of June, 2018.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **United States District Judge**